STATE of Minnesota, Respondent,

v.

John Francis O'BRIEN, Appellant.

No. C9–83–1890.

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard L. Ronning, Kandiyohi County Atty., Willmar, for respondent.

Bradley G. Junkermeier, Willmar, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Appellant was convicted by a jury of two counts of assault in the fifth degree and one count of disorderly conduct, Minn.Stat. §§ 609.224, 609.72 (Supp.1983). Appellant asserts that the trial court should have suppressed an incriminating statement made by him because it was made after an illegal arrest. Appellant also contends the evidence was insufficient to establish his guilt. We affirm.

## FACTS

Appellant, John Francis O'Brien, visited the Kandiyohi County Family Services office seeking an explanation for a reduction in his food stamp allotment. Appellant met with a case worker, Mary Hillstrom, and he

became upset with her explanation of his case. He picked up the open case file on her desk and threw it, striking her face. Hillstrom screamed, and appellant lifted her desk and dumped the objects on it onto her lap and the floor. As appellant was leaving her office, another case worker, David Binnebose, confronted appellant at the doorway. Binnebose told appellant to leave and put his hand on appellant's arm. After some pushing appellant struck Binnebose with a closed fist, cutting his face.

Shortly thereafter, Officer Salonek received a call that appellant had allegedly assaulted some county workers. Salonek located appellant and motioned him to get into the front seat of the squad car. As appellant opened the car door however, another member of the police department, John Kappers, arrived with Binnebose and told appellant not to get into the squad car. Kappers asked Binnebose if appellant was the person who had struck him. After an affirmative reply, Kappers told Binnebose that he, Binnebose, would have to make the arrest. Binnebose then arrested appellant, and appellant was placed in the rear of Salonek's car. While traveling to the police station, appellant voluntarily stated: "Yeah, I hit him. I should have hit him harder. The young punk. They're going to take my food stamps away from me, and what do they want me to do, starve?"

At trial, appellant moved to suppress the foregoing statement. The trial court denied the motion stating that Salonek had only made an investigatory stop, and that the sole arrest occurred at Binnebose's direction.

## ISSUES

(1) Should appellant's incriminating statement have been suppressed at trial?

(2) Was the evidence sufficient as a matter of law to establish appellant's guilt?

## ANALYSIS

1. Appellant contends that before he was arrested by Binnebose, he had already been arrested by the two police officers.

The arrest is allegedly illegal because neither officer was present when the acts at issue were committed, and thus lacked the power to arrest appellant on a misdemeanor charge. Minn.Stat. § 629.34, subd. 1 (1982). Appellant concludes that because his incriminating statement was the result of an illegal arrest, it is inadmissible.

In *State v. Seefeldt*, 292 N.W.2d 558, 560 (Minn.1980), the Minnesota Supreme Court ruled:

> The test used in applying the exclusionary rule in a specific case is "whether granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguished to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). Many factors bear on the application of this test, including the temporal proximity of the illegality and the fruit of the illegality, the presence of intervening circumstances, the purpose and flagrancy of the misconduct, the likelihood that the evidence would have been discovered by legal means, and, in the case of a live witness, whether the exclusion would perpetually disable a knowledgeable witness from testifying at trial. (Citations omitted).

■ In the present case it is not contended that Binnebose made an unlawful citizen's arrest in accordance with Minn.Stat. § 629.34. Nor is it contended that appellant's incriminating statement was not voluntary or was the result of police interrogation. Even assuming that officers Salonek and Kappers had made an illegal arrest, it cannot be said that the statement was made by exploiting the illegality because there was an intervening valid citizen's arrest. Therefore appellant's voluntary statement to Salonek was properly admissible at trial.

■ 2. In evaluating the sufficiency of the evidence, the court must ascertain whether the jury could reasonably conclude from the evidence that defendant was

guilty, having due regard for the state's burden of proving defendant's guilt beyond a reasonable doubt, and viewing the evidence in a light most favorable to the state. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978).

█ The evidence was sufficient for a verdict that appellant was guilty of two counts of assault and one count of disorderly conduct. Contrary to appellant's contention, the jury could reasonably find the requisite intent for the assault against Hillstrom from appellant's words and actions in light of the surrounding circumstances. *See State v. Hardimon*, 310 N.W.2d 564, 566 (Minn.1981).

Pointing to evidence on the large physical size of David Binnebose and the sternness of his words, appellant claims the state failed to prove the absence of self-defense in appellant's conduct toward Binnebose. We conclude there was adequate evidence for a finding that use of force was not reasonably necessary to deal with the demand of Binnebose.

### DECISION

Appellant's voluntary statement was properly admissible because it followed a lawful arrest and was not tainted by an earlier arrest. The evidence was sufficient to establish appellant's guilt.

Affirmed.